In the United States District Court
for the Eastern District of Texas,
Lufkin Division

| | | |
|---|---|---|
| Clarence Wright, | § | ORIGINAL COMPLAINT |
| TDCJ-CID# 2092103 | § | Civil Action No. 9:18-cv-120 |
| Plaintiff | § | CLASS ACTION |
| V. | § | JURY TRIAL / INJUNCTIVE & |
| Texas Department of Criminal- | § | Declaratory Judgement Relief/ |
| Justice; | § | Damages / Court Costs & Filing |
| Bryan Collier, Executive Director- | § | Fees / Attorney Fees. |
| for the Texas Dept.' of Criminal - | § | |
| Justice; In his Individual & | § | |
| Official Capacity. | § | |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JUL 02 2018
BY ~~DEPUTY~~

I. Jurisdiction & ~~Venue~~

1.) This is a civil action authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States; and under the federal statute of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a). This Court has jurisdiction under 28 USC §§ 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 USC §§ 2201 and 2202. Plaintiffs claims for Injunctive Relief are authorized by 28 USC. § 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. Plaintiff, is suing as a "Class Action" as authorized by Federal Rules of Civil Procedure Rule 23 (1)(2)(3)(4)(5);

2.) The Eastern District of Texas, Lufkin Division is an appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to this claim occurred;

## II. PLAINTIFF(S)

3.) Plaintiff, Clarence Wright, is and was at all times mentioned herein a prisoner of the State of Texas in the custody of the Texas Department of Criminal Justice. He is currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division at the Polunsky Unit, in Livingston, Texas and Polk County, Texas;

## III. DEFENDANT(S)

4.) Defendant, Texas Department of Criminal Justice, is an agency of the State of Texas, in which plaintiff is confined;

5.) Defendant, Bryan Collier is the Executive Director of the Texas Department of Criminal Justice, of the State of Texas. He is legally responsible for the overall operations of the department and each institutional unit under its jurisdiction, including the Polunsky Unit where plaintiff(s) are confined;

6.) Each defendant is sued individually and in his [or her] official capacity. At all times mentioned in this complaint each defendant acted under the color of state law;

## IV. FACTS

7.) Plaintiff, Clarence Wright, is a sincere and religiously observant Muslim of the Islamic religion;

8.) Plaintiff, Clarence Wright, believes sincerely in the Five Pillars of Islam & practices these beliefs to his greatest ability daily;

Page two of Twelve

9.) PLAINTIFF, CLARENCE WRIGHT, BELIEVES THAT THE PROPHET MOHAMMED [PEACE BE UPON HIM] IS A DIRECT DESCENDANT OF ISHMAEL THE SON OF ABRAHAM & HAGAR AS DESCRIBED IN THE TORAH;

10.) PLAINTIFF, CLARENCE WRIGHT, BELIEVES THAT ISLAM TEACHES THE TRUTH AS A DIRECT DIVINE REVELATION FROM ALLAH [GOD] AND THAT THE "HOLY QURAN" & THE "TORAH" ARE HOLY BOOKS TO ALL MUSLIM(S) EVERYWHERE IN EVERY PLACE IN THE WORLD;

11.) ISLAM TEACHES THAT THE "TORAH" [FIVE BOOKS OF MOSES] IS A HOLY BOOK TO ALL MUSLIM(S) EVERYWHERE IN EVERY PLACE IN THE WORLD;

12.) ISLAM TEACHES THAT THE "QURAN" IS THE FINAL REVELATION OF ALLAH [GOD] TO MANKIND AND THE QURAN AND THE TORAH COMPLEMENT EACH OTHER AS DIVINE COMMANDMENTS GIVEN TO MANKIND, JEWS, AND MUSLIMS;

13.) PLAINTIFF, CLARENCE WRIGHT, IS DOCUMENTED IN HIS CHAPLAINCY DEPARTMENT "SSNO. SCREEN" RECORDS AS A MUSLIM BELIEVER OF THE ISLAMIC RELIGIOUS FAITH PREFERENCE;

14.) PLAINTIFF, CLARENCE WRIGHT, IS A PRISONER IN [TDCJ] TEXAS DEPT. OF CRIMINAL JUSTICE INCARCERATED AT THE TIME OF THIS FILING AT THE POLUNSKY UNIT, IN LIVINGSTON, TEXAS;

15.) POLUNSKY UNIT, IS A INSTITUTION OF THE TEXAS DEPT. OF CRIMINAL JUSTICE;

16.) THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE RECIEVES FEDERAL FUNDING;

17.) THE QURAN IN SURA 22 STATES: "THAT FOOD WHICH IS KOSHER FOR A JEW IS LAWFUL FOR A MUSLIM TO EAT;"

18.) THE QURAN IN SURA 5 AYAT 5 STATES: "THAT FOOD WHICH IS LAWFUL FOR A JEW TO EAT IS LAWFUL FOR A MUSLIM TO EAT;"

19.) ISLAM AND JUDAISM ARE BOTH MONOTHEISTIC RELIGIONS;

20.) ISLAM AND JUDAISM BOTH, BASE, THEIR DIETARY LAWS UPON THE "KOSHER" DIETARY LAWS FOUND IN THE TORAH;

21.) ISLAM FORBIDS A MUSLIM FROM EATING UNCLEAN ANIMALS;

22.) ISLAM FORBIDS A MUSLIM FROM EATING ANIMALS SACRAFICED TO FOREIGN GODS/IDOLS;

23.) ISLAM AND JUDAISM AGREE ON THESE DIVINELY GIVEN DIETARY LAWS, BEING DIRECT COMMANDS GIVEN TO MUSLIMS AND JEWS BY ALLAH (GOD) AS ETERNAL LAWS FOR ALL TIMES AND IN ALL PLACES;

24.) THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE PROVIDES "FREE-KOSHER MEALS" DAILY TO JEWISH PRISONERS AT THE "A.M. "MAC" STRINGFELLOW UNIT;

25.) THE KOSHER MEALS PROVIDED AT THE A.M. "MAC" STRINGFELLOW UNIT ARE PREPARED, COOKED, AND SERVED BY JEWISH PRISONERS IN A RELIGIOUSLY ACCEPTABLE MANNER, IN A "SEPERATE" KOSHER KITCHEN, SEPERATE FROM THE MAIN KITCHEN AREA;

26.) THE A.M. "MAC" STRINGFELLOW UNIT IS A UNIT THAT HAS MULTIPLE CUSTODY'S AND IS LOCATED IN DIRECT ADJACENT TO THE "TERRELL [MEDICAL]" UNIT, AND THE RAMSEY I UNIT, WITHIN WALKING DISTANCE TO EACHOTHER;

27.) THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE PROVIDES ADDITIONAL

Page Four of Twelve

SUPPOSEDLY "KOSHER" SHELF-STABLE MEALS DAILY TO ANOTHER PRISONER HOUSED AT THE POLUNSKY UNIT IN THE ADMINISTRATIVE SEGREGATION BUILDING [SEE DECLARATION OF: AHARON L. ATOMANCZYK, EXHIBIT #1];

28.) THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE PROVIDES THESE SUPPOSEDLY SHELF STABLE KOSHER DIET MEALS TO ANOTHER PRISONER AT POLUNSKY UNIT IN A MANNER THAT IS QUESTIONABLE [SEE DECLARATION OF: AHARON L. ATOMANCZYK, EXHIBIT #2];

29.) THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE COULD MEET THE LEAST RESTRICTIVE MEANS STANDARDS OF THE FEDERAL STATUTE RELIGIOUS LAND USE & INSTITUTIONALIZED PERSONS ACT IN ONE OF THE FOLLOWING MANNERS TO MEET MY NEEDS AND THE NEEDS OF ALL OTHER SIMILARLY SITUATED MUSLIM "CLASS" OF PRISONERS;

  (a) BY PROVIDING MUSLIM PRISONERS, INCLUDING PLAINTIFF MEALS FROM THE KOSHER KITCHEN AT THE A.M. "MAC" STRINGFELLOW UNIT;

  (b.) BY EXPANDING THE KOSHER DIET MEALS PROGRAM AT THE STRINGFELLOW UNIT BY USING THE KOSHER KITCHEN TO PROVIDE MEALS TO THE TERRELL [MEDICAL] UNIT & THE RAMSEY I UNIT WHICH WOULD ENABLE ALL CUSTODYS OF PRISONERS ACCESS TO A KOSHER RELIGIOUS DIET, BY MEANS OF A "MEALS ON WHEELS" TYPE PROGRAM;

  (c.) BY ESTABLISHING A COMMON-FARE KOSHER DIET MEALS PROGRAM SIMILAR TO THE FEDERAL BUREAU OF PRISONS PROVIDES TO ITS MUSLIM & JEWISH

Page Five of Twelve

PRISONERS EITHER AT THE A.M. "MAC" STRINGFELLOW, TERRELL [MEDICAL] & RAMSEY I UNITS, OR STATE WIDE AT ALL TEXAS PRISONS;

d.) BY PROVIDING PLAINTIFF, AND ALL OTHER SIMILARLY SITUATED "CLASS" OF MUSLIM PRISONERS WITH A KOSHER DIET SIMILAR TO THE KOSHER DIET CURRENTLY BEING PROVIDED TO ANOTHER PRISONER AT THE POLUNSKY UNIT WITH EXCEPTION THAT SUCH MEALS WOULD BE REQUIRED TO STRICTLY ADHERE TO KOSHER LAWS & BE BOTH NUTRITIOUS & HEALTHY BALANCED FDA CERTIFIED "KOSHER" DIET MEALS DAILY. [SEE DECLARATION OF: AHKRON L. ATOMANCZYK, EXHIBIT #3];

30.) THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AS OF JUNE, 15, 2010 REPORTED THAT THE TOTAL NUMBER OF MUSLIM/ISLAMIC PRISONERS IN ITS CUSTODY BY FAITH CODE [SEE: USDC SDTX CASE # 3:07-CV-00574, MAX MOUSSAZADEH V. TDCJ et al; DOCUMENT # 199-2, PAGES 134-138 OF 268] AS BEING: SIX THOUSAND EIGHT HUNDRED & SEVENTY FIVE, MUSLIMS OF EVERY KIND [BY QUOTING FAITH CODE DESIGNATORS: M00, M01, M02, M03, M04, M05, M06, & M07];

31.) THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN MAY 2018 STILL HAS A TOTAL NUMBER OF MUSLIM/ISLAMIC PRISONERS SIMILAR TO THE JUNE 15, 2010 CENSUS AS QUOTED IN #30 ABOVE;

32.) DENIAL OF KOSHER MEALS TO PLAINTIFF, AND ALL OTHER SIMILARLY SITUATED "CLASS" OF MUSLIM & JEWISH PRISONERS DOES IN FACT DENY PLAINTIFF & "CLASS" OF THE MEANINGFUL ABILITY TO MAINTAIN A "KOSHER" RELIGIOUS DIET IN [TDCJ] THE TEXAS

Page Six of Twelve

DEPARTMENT OF CRIMINAL JUSTICE AT HIS CURRENT UNIT & ANY OTHER UNIT IN THE TEXAS PRISONS SYSTEM STATEWIDE;

33.) PLAINTIFF, CLARENCE WRIGHT, AND "CLASS" OF OTHER SIMILARLY SITUATED MUSLIM PRISONERS ARE DENIED ACCESS TO KOSHER RELIGIOUS DIET BY THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE;

34.) THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE DID DURING THE YEAR OF 2014 PROVIDE BY COURT ORDERED INJUNCTION, KOSHER MEALS TO ANOTHER MUSLIM PRISONER GARY STRICKLAND, AT THE A.M. "MAC" STRINGFELLOW UNIT, FROM THE KOSHER KITCHEN PROGRAM AT THAT UNIT. [SEE DECLARATION OF: AHARON L. ATOMANCZYK, EXHIBIT # 4];

35.) BY THE PROVISION OF KOSHER DIET MEALS DAILY BEING SO PROVIDED BY THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT THE A.M. "MAC" STRINGFELLOW UNIT, IN 2014 TO ANOTHER MUSLIM PRISONER 'GARY STRICKLAND', BY COURT ORDER, THE USDC OF TEXAS HAS ESTABLISHED PRESCIDENT TO ALLOW SUCH KOSHER MEALS TO BE PROVIDED TO PLAINTIFF, AND TO "CLASS" OF OTHER SIMILARLY SITUATED MUSLIM PRISONERS;

36.) THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, DEFENDANT'S, DO DISCRIMINATE UPON PLAINTIFF, & "CLASS" OF OTHER SIMILARLY SITUATED MUSLIM PRISONERS IN VIOLATIONS OF THE 1st. AMENDMENT OF THE U.S. CONSTITUTION, BY DENYING PLAINTIFF(S) RIGHTS TO PRACTICE PLAINTIFF(S) ISLAMIC RELIGIOUS FAITH IN A MEANINGFUL WAY WHICH AMOUNTS TO A BASIC LIFE FUNCTION, BY DENYING PLAINTIFF(S) KOSHER DIET MEALS;

37.) THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, DEFENDANT'S, DO VIOLATE THE 14TH. AMENDMENT OF THE U.S. CONSTITUTION BY DISCRIMINATING

UPON PLAINTIFF, & "CLASS" OF SIMILARLY SITUATED PRISONERS BY DENYING PLAINTIFF(S) EQUAL PROTECTIONS OF THE LAWS BY PROVIDING KOSHER MEALS TO SOME PRISONERS WHILE AT THE SAME TIME DENYING THESE SAME KOSHER MEALS, OR THEIR EQUIVILANT TO PLAINTIFF(S);

38.) THERE IS NO SPECIFIC RELIGIOUS DIET BEING PROVIDED TO PLAINTIFF(S); WHICH MEETS THE NEEDS OF "KOSHER LAWS"; AS REQUIRED BY PLAINTIFF(S) ISLAMIC-MUSLIM RELIGIOUS FAITH, BELIEFS, AND PRACTICES; IN THE ENTIRE STATE OF TEXAS PRISONS SYSTEM ON A DAILY BASIS. OTHER THAN AT THE A.M. "MAC" STRINGFELLOW UNIT;

39.) THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE (DEFENDANT(S) ARE CURRENTLY IN ACTIVE LITIGATION WITH ANOTHER PRISONER IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, RELATING TO DIRECTLY SIMILAR "KOSHER RELIGIOUS DIET" MEALS & OTHER RELIGIOUS SERVICES, WHO IS CURRENTLY INCARCERATED AT THE POLUNSKY UNIT, ALIKE TO PLAINTIFF, CLARENCE WRIGHT, & SUCH OTHER PLAINTIFF HAS BEEN DENIED A PROPER KOSHER DIET AT POLUNSKY UNIT, AS WELL AS AT OTHER UNITS IN THE TEXAS PRISONS SYSTEM [SEE: www.prisonlegal news.org [March 2018 Edition pgs. 56-57]; and www.jhv online.com [August 10th. 2017] Article by: MICHAEL C. DUKE.];

40.) PLAINTIFF, CLARENCE WRIGHT, IS SEEKING THE SAME TYPE OF RELIEF UNDER THE RELIGIOUS LAND USE & INSTITUTIONALIZED PERSONS ACT, AS PLAINTIFF: AHARON L. ATOMANCZYK SEEKS [SEE: USDC SDTX HOUSTON DIVISION CIVIL ACTION NO. 4:17-CV-00719, USDC JUDGE SIM LAKE, PRESIDING] [SEE: AHARON L. ATOMANCZYK V. TDCJ et.al. DOCUMENT # 52 OPINION & ORDER OF USDC JUDGE SIM LAKE JAN. 2018];

Case 9:18-cv-00120-RC-ZJH   Document 1   Filed 07/02/18   Page 9 of 13 PageID #: 9

## V. EXHAUSTION OF LEGAL REMEDIES.

41.) PLAINTIFF, CLARENCE WRIGHT, HAS PROPERLY EXHAUSTED HIS LEGAL & ADMINISTRATIVE REMEDIES UNDER PRISONER LITIGATION REFORM ACT – "PLRA" 42 USC § 1997e(a);

42.) PLAINTIFF, CLARENCE WRIGHT, STATED IN HIS STEP ONE & STEP TWO GRIEVANCE(S) THAT HIS COMPLAINTS ARE BASED UPON BOTH [CONSTITUTIONAL AND RELIGIOUS LAND USE & INSTITUTIONALIZED PERSONS ACT] ISSUES AND THAT HIS COMPLAINT ARISES OUT OF [DISCRIMINATORY ACTIONS & POLICIES] DENYING HIM ACCESS TO A KOSHER RELIGIOUS DIET ACCORDING TO HIS OWN PERSONAL RELIGIOUS FAITH, BELIEFS, & PRACTICES AS A MUSLIM PRISONER IN THE TEXAS DEPT. OF CRIMINAL JUSTICE;

43.) PLAINTIFF, ATTEMPTED INFORMAL RESOLUTION OF HIS GRIEVANCES PRIOR TO FILING HIS STEP ONE GRIEVANCE BY FILING "I-60's" TO THE DEFENDANT'S EMPLOYEES AT THE POLUNSKY UNIT, BY SENDING SUCH "INFORMAL ATTEMPTS" AT RESOLUTION OF HIS COMPLAINTS TO BOTH: POLUNSKY UNIT FOOD SERVICE DEPT. SUPERVISOR, & TO CHAPLAIN FLETCHER ON MARCH 7th., 2018;

44.) PLAINTIFF, FILED A STEP ONE GRIEVANCE WITH DEFENDANT'S AT THE POLUNSKY UNIT ON MARCH 21st., 2018 AND IT WAS ANSWERED ON: APRIL 27th, 2018 WITH THE FOLLOWING RESPONSE –

"... YOU WILL HAVE TO CHANGE YOUR RELIGIOUS FAITH ON YOUR RECORDS TO JEWISH & REQUEST TO BE TRANSFERED TO A JEWISH UNIT. THIS MUST BE MADE BY SENDING AN I-60 TO THE UNIT CHAPLAIN..." *[PARAPHRASED]*. GRIEVANCE DENIED." [SIGNED BY POLUNSKY UNIT WARDEN BELL];

45.) PLAINTIFF, FILED A STEP-TWO GRIEVANCE, FULLY EXHAUSTING HIS ADMINISTRATIVE REMEDIES ON ~~APRIL 27th, 2018~~ MAY 1st., 2018 AND IT WAS ANSWERED ON: June 4th, 2018 WITH THE FOLLOWING RESPONSE –

"... YOUR STEP 2 GRIEVANCE HAS BEEN INVESTIGATED BY THIS OFFICE, YOU WERE APPROPRIATELY ADVISED AT THE STEP 1 LEVEL. BASED ON THE FACTS AVAILABLE AT THIS TIME, NO FURTHER ACTION IS WARRANTED BY THIS OFFICE. [SIGNED BY ASSISTANT REGION DIRECTOR MATT GROSS]; GRIEVANCE DENIED.

## VI. LEGAL CLAIMS

46.) Plaintiff(s) reallege and incorporate by referance paragraphs 01-45;

47.) The complete and deliberate denials of kosher meals, violates Plaintiff(s) rights and constitutes violations of the Religious Land Use & Institutionalized Persons Act; the Freedom of Religious Practice of the 1st. Amendment & the Equal Protections of the law of the 14th. Amendment of the U.S. Constitution; denying plaintiff(s) meaningful ability to practice a basic life function of maintaining a religious diet according to his Islamic Muslic religion and constitutes violations of the civil rights at issue; all defendant's are liable;

48.) The Defendant Bryan Collier in his official & individual capacity enforces the discriminatory policy's & acts of the Texas Department of Criminal Justice in violating the Federal Statute under the Religious Land Use & Institutionalized Persons Act 42 USC § 2000cc et seq. by maintaining the discriminatory policies of the institution and department to deny plaintiff(s) a kosher diet while providing the same to other prisoners similarly situated by confinement in the Texas Department of Criminal Justice, violating 1st & 14th US. Constitutional Amendments. In doing so;

49.) All defendants act under color of state law as decided under: Monroe v. Pape, 365 U.S. 167 (1961); in their individual & official capacity;

50.) The plaintiff(s) have no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff(s) has been and will continue to be irreparably injured by the conduct of the defendants

UNLESS THIS COURT GRANTS THE DECLARATORY AND INJUNCTIVE RELIEF WHICH THE PLAINTIFF(S) SEEKS;

## VII. PRAYER FOR RELIEF.

WHEREFORE, PLAINTIFF(S) RESPECTFULLY PRAY THAT THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFF(S):

51.) A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF(S) RIGHTS UNDER THE CONSTITUTION AND THE LAWS OF THE UNITED STATES;

52.) A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF(S) RIGHTS UNDER THE FEDERAL STATUTE 42 U.S.C. § 2000cc-1(a)., RELIGIOUS LAND USE & INSTITUTIONALIZED PERSONS ACT;

53.) A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS TEXAS DEPARTMENT OF CRIMINAL JUSTICE, AND BRYAN COLLIER, TO PROVIDE PLAINTIFF(S) WITH ADEQUATE, BALANCED & NUTRICIOUS FDA APPROVED HEALTH KOSHER DIET EVERYWHERE IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE PRISONS SYSTEM STATEWIDE, AND PROVIDE THIS DIET FROM A KOSHER KITCHEN IN A STRICT KOSHER LAWS REQUIRED MANNER DAILY BY PROVIDING SUCH MEALS BOTH FRESH & HOT COOKED MEALS AS ARE PROVIDED TO OTHER PRISONERS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT THE A.M. "MAC" STRINGFELLOW UNIT'S KOSHER KITCHEN PROGRAM;

54.) DAMAGES, FILING FEES, & COURT COSTS IN WHATEVER AMOUNT AS IS DETERMINED BY THE LAWS IN FULLNESS OF SUCH LAWS;

55.) A JURY TRIAL ON ALL ISSUES SO TRIABLE BY JURY;

56.) APPOINTMENT OF COUNSEL FOR PLAINTIFF(S) [SEE MOTION FOR APPOINTMENT OF COUNSEL — FURTHER REFERANCE: 28 U.S.C. §1915(e)(1)—

Montgomery v. Pinchak, 294 F.3d 492, 499 (3rd. Cir. 2002);
Parham v. Johnson, 126 F.3d 454, 461 (3d. Cir. 1997);

57.) Any additional relief this Court deems just, proper, and equitable to redress these issues & complaints;

DATED: June 20th, 2018

SIGNATURE: ~~Clare~~ CLARENCE WRIGHT

RESPECTFULLY SUBMITTED, PLAINTIFF(S).

CLARENCE WRIGHT #2092103
Polunsky Unit / TDCJ-CID. / (TL-054)
3872 F.M. 350 South
Livingston, Texas 77351.

## VERIFICATION:

I have read the foregoing complaint, all exhibits & attachments to such complaint, and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be accurately described, referenced, exhibited, to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Livingston, Texas on June 20th, 2018.

SIGNATURE: CLARENCE WRIGHT

CLARENCE WRIGHT, PLAINTIFF(S).

Page Twelve of Twelve

Confidential Legal Mail

Clarence Wright #2044105
Blunsky Unit, Polk County
3872 FM 350 South
Livingston, Tx 77351-8580

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE: $300

Lufkin Division / District Clerk's Office
U.S. District Court, Eastern District of Texas
104 N. Third Street
Lufkin, Tx 75901

Confidential Legal Mail