**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CLARENCE WRIGHT | § | |
| VS. | § | CIVIL ACTION NO.  9:18-CV-120 |
| TEXAS DEP'T OF CRIMINAL JUSTICE, ET AL. | § | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Clarence Wright, a prisoner confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc , against the Texas Department of Criminal Justice, Correctional Institutions Division and Bryan Collier.

The Court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court.  The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge. The Magistrate Judge recommends granting defendant Collier's motion to partially dismiss the complaint, and allowing plaintiff to proceed with his claim for injunctive relief under the RLUIPA and with his Fourteenth Amendment claim.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings.  Plaintiff filed objections to the

Magistrate Judge's Report and Recommendation. Plaintiff alleges he did not receive the Report and Recommendation in a timely fashion due to issues in the prison mail room, but the Court has applied no response deadline to him in this case. Therefore, the Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Plaintiff contends that the Eleventh Amendment does not bar his claims for monetary damages under the RLUIPA because the State of Texas waived its sovereign immunity under the Eleventh Amendment to the United States Constitution by accepting federal funds for prisons. The United States Supreme Court rejected this precise argument in *Sossamon v. Texas*, 563 U.S. 277, 280 (2011). The Supreme Court held that States do not waive their sovereign immunity to private suits for monetary damages under the RLUIPA by accepting federal funds. *Id*. at 293. After careful consideration of all the pleadings and the relevant case law, the Court concludes that plaintiff's objections lack merit.

## ORDER

Accordingly, plaintiff's objections (docket entry #64) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge (docket entry #60) is **ACCEPTED**. Defendant Collier's motion to partially dismiss the action (docket entry #48) is **GRANTED**. Plaintiff shall be permitted to proceed with his claim for injunctive relief under the RLUIPA and with his Fourteenth Amendment claim.

So ORDERED and SIGNED, Sep 11, 2020.

Ron Clark
Senior Judge